**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SABIAN HAYES,
ADC #142333                                                                                          PLAINTIFF

V.                              CASE NO. 5:16-CV-218-JLH-BD

RADAWN S. BAKER                                                                              DEFENDANT

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. All objections must be specific and must include the factual or legal basis for the objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.     Analysis**

    A.     Background

Sabian Hayes, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) His claims arise from a May 25, 2016 incident at the Cummins Unit where, he alleges, a fight

broke out between other inmates while he was in the chow hall.  Defendant Baker[1] allegedly "fire[d] a round from the riot gun into a crowd of inmates striking [him]."  (#2 at p.4)  He claims that he sustained an injury to his upper left arm as a result of being hit with a round from the gun.

Defendant Baker has now moved to dismiss Mr. Hayes's claims against him. (#23)  The Court recommends that the motion (#23) be GRANTED.

    B.    Individual Capacity Claims

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective.  The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious.  The second requirement is subjective and turns on whether the prison officials had a sufficiently culpable state of mind.  *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (internal citations and quotations omitted).

In analyzing an excessive-force claim, "the core judicial inquiry is whether force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm."  *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  Here, according to Mr. Hayes's allegations, Defendant Baker fired the riot gun "into a crowd" in the chow hall in an attempt to break up a fight between two other inmates.  Mr. Hayes does not allege that Defendant Baker

---

[1] Mr. Hayes originally identified this Defendant as Defendant Dunmore.

intentionally hit him or that she acted maliciously.  Based on Mr. Hayes's own description of the incident, the Court must conclude that Defendant Baker's conduct amounts to negligence, or perhaps gross negligence, at most.  Because negligence does not rise to the level of a constitutional violation, Mr. Hayes's claims against Defendant Baker should be dismissed.

    C.    Official Capacity Claims

Mr. Hayes's official-capacity claim against Defendant Baker also fails.  First, there was no constitutional violation here, even after giving Mr. Hayes the benefit of any doubt.  Without a constitutional violation, there can be no liability under § 1983.  Second, even if Defendant Baker's actions had violated Mr. Hayes's rights, he still would not be able to pursue a claim for money damages against her in her official capacity.  Sovereign immunity bars claims for damages against state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

**III.**    <u>**Conclusion**</u>

The Court recommends that Defendant Baker's motion to dismiss (#23) be GRANTED.  Claims against Defendant Baker should be DISMISSED, without prejudice, based on a failure to state a federal claim for relief.

DATED this 7th day of December, 2016.

                                              UNITED STATES MAGISTRATE JUDGE