**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

SABIAN HAYES                                                                                    PLAINTIFF
ADC #142333

v.                                         No. 5:16CV00218 JLH-BD

RADAWN S. BAKER                                                                         DEFENDANT

**OPINION AND ORDER**

Sabian Hayes, an inmate incarcerated at the Cummins Unit in Grady, Arkansas, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Hayes alleges that Radawn S. Baker—a prison official—used excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Magistrate Judge Beth Deere has recommended that Hayes's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted. Hayes filed objections to this recommendation. The Court has reviewed the recommendation and the objections. For the following reasons, Hayes's complaint is dismissed without prejudice.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Id*. The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).  A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Hayes claims that Baker[1] violated the Eighth Amendment by using excessive force in response to a fight that broke out between two inmates in the chow hall on May 25, 2016.  According to Hayes, Baker fired a round from a riot gun into a crowd of inmates.  The round struck Hayes in the upper left arm, leaving a bruise.

Baker argues that Hayes's individual capacity claim against her is barred by qualified immunity and that his official capacity claim against her is barred by sovereign immunity.  The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).

To show that a prison official's conduct violated the Eighth Amendment, an inmate must satisfy two requirements: (1) The deprivation of rights, viewed objectively, must be sufficiently serious and (2) The prison official must have subjectively had a sufficiently culpable state of mind.  *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  "The nature of the prisoner's Eighth Amendment claim dictates the state of mind in which the [prison officials] must have acted in order to find them liable."  *Arnold v. Groose*, 109 F.3d 1292, 1298 (8th Cir. 1997).  The "core judicial inquiry" applied to excessive force claims is whether the prison official

---

[1] Hayes originally identified Baker as "Dunmore."

applied force "'in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  *Smith v. Conway Cnty. Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (quoting *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013)).  Factors relevant to this inquiry include the need for application of force, the relationship between that need and the amount of force used, the threat prison officials reasonably perceived, and any efforts made to temper the severity of a forceful response.  *Hudson v. McMillan*, 503 U.S. 1, 7 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).

Because the use of excessive force, viewed objectively, is sufficiently serious to invoke the Eighth Amendment, the issue here is the requirement that Baker have had a sufficiently culpable state of mind.  The facts alleged do not support an inference that Baker acted maliciously or sadistically to cause harm to Hayes, or to any other prisoner.  *See Parkus v. Delo*, 135 F.3d 1232, 1234 (8th Cir. 1998) (describing the "very high state of mind" controlling excessive force cases).  First, Hayes alleges that Baker fired the riot gun into the crowd in response to a fight that broke out between two inmates in the chow hall.  Quelling fights was part of Baker's responsibility as a guard to restore discipline.  Second, according to Hayes, Baker filed only a single round into the crowd.  Firing a single round to disperse the crowd was an effort to temper the severity of a forceful response.  Finally, Hayes alleges the strike from the riot gun left a "noticeable bruise," which is not a serious injury.  *See Hudson*, 503 U.S. at 7, 112 S. Ct. at 999 ("The absence of a serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.").  The facts alleged do not support an inference that Baker applied force maliciously or sadistically.  Rather, the facts alleged indicate that Baker acted with good faith to restore discipline.  The Court is required to view the facts in Hayes's favor and construe the allegations liberally since he is *pro se*, but the Court is not required to supplement his complaint with additional detail.  Because the complaint does not allege

facts from which it can reasonably be inferred that there was an Eighth Amendment violation, Baker is entitled to qualified immunity.

Baker is also entitled to sovereign immunity on Hayes's official capacity claim because the complaint failed to allege an Eighth Amendment violation.  *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)).

## CONCLUSION

For the reasons set forth above, the recommended disposition is adopted as modified herein. Hayes's complaint is dismissed without prejudice.  The Court certifies that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 19th day of January, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE